GRAHAM *v.* EL BANCO TERRITORIAL Y AGRÍCOLA ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 65.—Resuelto en febrero 23, 1904.

HIPOTECA—BIENES MUEBLES ENCLAVADOS EN LA FINCA HIPOTECADA.—Declarado por sentencia ejecutoria que determinados bienes muebles enclavados en una finca hipotecada, están afectos a la hipoteca y que el embargo de los mismos debe seguir adelante hasta hacerse pago al acreedor, esa declaración envuelve una negación absoluta de los derechos del dueño de dichos bienes muebles para reclamar los mismos al acreedor ejecutante.

OBLIGACIÓN—DOLO, NEGLIGENCIA O MOROSIDAD.—Para que puedan tener aplicación los artículos 1101 y 1108 del antiguo Código Civil es necesario una obligación preexistente entre las partes, que haya sido contravenida por alguna de éstas, o que alguna de éstas, en su cumplimiento, hubiese incurrido en dolo, negligencia o morosidad.

ID.—ACCIÓN Ú OMISIÓN—INDEMNIZACIÓN.—El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.

DAÑO—COSTAS.—No ejecuta propiamente un daño quien se limita a reclamar ante los tribunales un derecho más o menos claro, siendo la imposición de costas el único correctivo que procede cuando se desestimen totalmente las pretensiones injustificadas.

ACREEDOR—INTERESES—ACCIÓN REAL Y ACCIÓN PERSONAL.—La falta de intereses que el acreedor no pueda exigir del obligado, por la acción real hipotecaria, podrá reclamarse por la acción personal, siendo considerado respecto a ella, en caso de concurso, como acreedor escriturario.

### EXPOSICIÓN DEL CASO.

Vistos estos autos promovidos en la corte de este distrito entre partes de la una D. Roberto Graham y Fraser, vecino de Ponce, Ingeniero, dirigido y representado en esta Superioridad por el Letrado D. Jacinto Texidor y de la otra el Banco (*) Territorial y Agrícola, establecido en esta capital, representado y dirigido por el Licenciado D. Juan de Guzmán Benítez y D. José Ricardo Carazo, vecino de Bayamón, agricultor, en rebeldía, sobre tercería de mejor derecho, autos pendientes ante *nos* en virtud de recurso de casación, hoy de apelación, interpuesto por D. Roberto Graham y Fraser contra la sentencia pronunciada, que copiada a la letra dice así:

"*Sentencia.* En la ciudad de San Juan de Puerto Rico a 9 de diciembre de 1902. *Vistos* estos autos declarativos seguidos entre partes, de una D. Roberto Graham y Fraser, vecino de Ponce, Ingeniero, dirigido y representado primeramente por el Licenciado D. Herminio Díaz Navarro y luego por D. Jacinto Texidor y Alcalá del Olmo, como demandante y de otra, el Banco Territorial y Agrícola, establecido en esta ciudad, dirigido y representado por el Licenciado D. Juan de Guzmán Benítez y D. José Ricardo Carazo, vecino de Bayamón, agricultor, en los estrados del tribunal, como demandados, sobre tercería de mejor derecho al cobro del importe de los bienes embargados en autos ejecutivos seguidos entre estos últimos.

"*Resultando:* que D. Roberto Graham y Fraser formuló demanda de tercería de mejor derecho contra el Banco Territorial y Agrícola y D. José Ricardo Carazo, pidiendo se declare que las maquinarias del Sr. Graham sólo deben responder, dado el valor de la hacienda 'Carmen' y de la maquinaria que se consigna en título hipotecario del Banco Territorial y Agrícola, cada uno de lo que a prorrateo correspondan con aquellas sumas del importe total del crédito del banco y de las costas, perteneciendo a Graham en cuanto a la maquinaria el exceso, teniendo el último mejor derecho por ese exceso, con costas al que se opusiere.

"*Resultando:* que dicha demanda la funda en que, por escritura pública de 28 de junio de 1896, Carazo confesó deber al Banco Territorial y Agrícola, y se comprometió a pagar en plazos semestrales, 16,000 pesos que con los intereses acumulados daban un total de 24,211 pesos y 20 centavos, pactándose que vencidos dos plazos y no satisfechos, se consideraría vencida toda la deuda; que a esa obligación hipotecó la hacienda 'Carmen,' de Bayamón, con (*) todas sus pertenencias y cuantas más pudieran incorporársele en lo sucesivo, promoviendo el banco procedimiento de cobro hipotecario por 16,410 pesos, sustituyendo luego ese procedimiento por el ejecutivo de la ley procesal; que despachada la ejecución, se embargó la finca hipotecada y las maquinarias en ellas instaladas antes y después de la hipoteca; que en 2 de enero de 1900, Graham formuló demanda de tercería de dominio de las maquinarias, fundada en la escritura de 31 de mayo de 1897, que acompaña, recayendo sentencia en casación, declarando que las maquinarias litigiosas eran de la propiedad de Graham, pero estaban sujetas a la responsabilidad del crédito hipotecario del banco, sin especificar la suma por que debían responder y por esa resolución del banco, al que se le ha adjudicado por 8,181 pesos 80 centavos la hacienda 'Carmen,' sigue procedimiento de apremio contra la maquinaria por el resto que se le debe, haciéndole así a la par que la hacienda 'Carmen,' responsable de la totalidad del crédito.

"*Resultando:* que los fundamentos legales de esa demanda son: que por la predicha sentencia en casación, se trata aquí de dos bienes distintos por las personas a que pertenecen la hacienda 'Carmen,' de Carazo, y la maquinaria de Graham, precisando determinar el límite del gravamen que los afecta; que entre el banco y Carazo hay un tercero, Graham, y se oponen a que al gravamen sobre la maquinaria se le dé el alcance que se le da, artículos 119 al 121 de la Ley Hipotecaria, sentencia del Supremo de 9 de noviembre de 1881, y resolución de la Directiva de los Registros de 18 de abril de 1876 y 22 de septiembre de 1882; que el Supremo al resolver que la maquinaria de Graham está adscrita a la hipoteca, no determinó por qué cantidad, y debe hacerse la distribución que determina el párrafo segundo del artículo 164 del Reglamento, y lo legal es, dado el valor de la hacienda y la maquinaria, que se asigna en el título hipotecario y en el de Graham, prorratear con esas sumas, perteneciendo a Graham el exceso, siendo de aplicar al juicio los artículos 1530 al 1540 de la Ley de Enjuiciamiento Civil.

"*Resultando:* que el Banco Territorial y Agrícola pidió se declare sin lugar la demanda con las costas, sentando los siguientes hechos: que acepta los hechos agregando al sexto y último, que la suma pendiente al banco de pago es la que sigue en apremio contra las maquinarias (*) y los intereses de esa suma y las costas; y como derecho que declaró el Supremo que las maquinarias de Graham están afectas por la misma hipoteca que grava a favor del Banco Territorial y Agrícola la finca de Carazo, y se siguiera el ejecutivo contra ellas, fué porque la finca y maquinarias, incluso las de Graham, formaban un solo cuerpo, sin que obste a ello que éste y Carazo fueran personas distintas; que Graham no es tercero sino ejecutado, y no puede ser parte en el ejecutivo y tercerista en el incidente, no pudiendo el ejecutado interponer tercería sin cambiar de naturaleza convirtiéndose en acreedor, habiendo alegado antes el dominio; que el mejor derecho supone un crédito que no existe, porque Graham es dueño de las maquinarias y no acreedor de Carazo; que aun siendo cierto que la hacienda y las maquinarias de Graham formaran cuerpos distintos, esto resultaría después de constituída la hipoteca, y no cabe invocar los artículos 119 al 121 de la Ley Hipotecaria que establecen la división del gravamen cuando se hipotequen varias fincas a la vez por un solo crédito, porque la hipotecada, si se divide en dos o más, no se divide el crédito entre ellas, sino voluntariamente de acuerdo el deudor y el acreedor, según el 123; y que debe ser condenado en costas el demandante.

"*Resultando:* que por otrosí del escrito de contestación reconviene el banco al demandante por daños y perjuicios fundándolo en que se presentó tanto en el ejecutivo como en la tercería de dominio de Graham y tasadas las maquinarias de éste y fijado día para el remate, tuvo lugar en diez de febrero de este año, presentándose licitador que ofreció $4,580 que cubrían las dos terceras partes del avalúo, le fueron adjudicados los bienes a dicho postor, mandándole poner en posesión de las maquinarias y consignando el precio; que presentada la tercería de mejor derecho por Graham, fué depositada esa suma en el Banco Territorial y Agrícola, según consta de los resguardos obrantes en autos, viéndose el banco privado de disponer de su dinero por la tercería sin poderlo evitar; que el banco ha presentado la liquidación de la parte pendiente de su crédito sin contar costas e intereses y acredita lo que de los $4,580 le corresponde percibir como acreedor hipotecario sin las costas y que lo pendiente de percibir forma parte del crédito origen de estos autos en el que

se estipuló el interés del (*) 9 por ciento anual; siendo el derecho los artículos 1101, 1108 del Código Civil y las costas por la temeridad, pidiendo se condene a Graham a que abone al banco por daños y perjuicios el 9 por ciento de interés sobre la suma que corresponda al banco cobrar de los $4,580 de la venta de las maquinarias a partir de la fecha en que resulte en autos acreditada dicha suma.

"*Resultando:* que conferido traslado de la reconvención, acusada la rebeldía, se señaló día para la comparecencia para formular las pruebas, transfiriéndose a instancia del demandante por no poder concurrir, para otro día, en el que formularon las partes las que estimaron conveniente a su derecho.

"*Resultando:* que de la prueba del demandante consta se unió a los autos en cuerda floja el ejecutivo del banco contra Carazo y la tercería de dominio que Graham formulara contra dicho ejecutivo, siendo la escritura acompañada por el demandante a su demanda la otorgada en 31 de mayo de 1897, por Don José R. Carazo y Don Roberto Graham ante Don Mauricio Guerra, manifestando que compró el primero al segundo, e instaló en la hacienda 'Carmen,' de Bayamón, las maquinarias que detallan, por valor de 2,375 libras esterlinas, que Carazo satisfizo parte del precio, adeudando 1,325 libras en la fecha de la escritura y deseando prorrogar el pago para el 31 de mayo de 1898, expresando conste el acuerdo de los otorgantes, sientan que el comprador satisfará a su vendedor las libras adeudadas y los intereses al 12 por ciento en la fecha indicada con la condición de que Graham conserva el dominio sobre las maquinarias detalladas hasta el total pago; y la sentencia del Tribunal Supremo de esta Isla, recaída en la tercería de dominio en la demanda mencionada, a virtud del recurso de casación interpuesto por el banco, declarándolo con lugar y casando la sentencia recurrida, manda alzar el embargo de las maquinarias y quedar a disposición del tercerista; y la dictada a continuación por esa declaratoria, deja subsistente el pronunciamiento sobre dominio de las maquinarias a favor de Graham declarando que dichas maquinarias están afectas por la misma hipoteca que (*) grava a favor del Banco Territorial y Agrícola la hacienda 'Carmen' en que están instaladas, y lejos de alzarse el embargo de las mismas, manda a seguir adelante el ejecutivo contra ellas hasta terminar la vía de apremio y hacer pago al ejecutante del crédito reclamado, sin perjuicio de los derechos de Graham contra Carazo.

"*Resultando:* que la prueba del demandado consiste en los autos

de tercería incluyendo la sentencia del Supremo relacionada en el anterior resultando y certificación del Secretario del Tribunal de constar en los ejecutivos del Banco Territorial y Agrícola contra Don José Ricardo Carazo, hoy D. Roberto Graham, después de adjudicada al banco la finca de Carazo con exclusión de la maquinaria de Graham, quedó pendiente de cobro según aparece de la liquidación practicada en 10 de marzo último ascendente a 4,158 pesos 7 centavos por capital e intereses más las costas, por lo cual se pidió la continuación del procedimiento de apremio contra las maquinarias de Graham, siendo éstas vendidas en subasta, depositándose el importe en el mismo banco a disposición del tribunal con motivo de la tercería de mejor derecho interpuesta por Graham.

"*Resultando:* que señalada la vista informaron los defensores de las partes lo que estimaron conveniente al derecho que representaban.

"Siendo Ponente el Sr. Juez Presidente Don Juan Morera Martínez.

"*Considerando:* que declarado por ejecutoria el dominio de Graham a las maquinarias enclavadas en la hacienda 'Carmen,' las que están afectas por la misma hipoteca que grava a favor del Banco Territorial y Agrícola la hacienda 'Carmen' en que están instaladas y lejos de alzarse el embargo de las mismas siga adelante el ejecutivo contra ellas hasta terminar la vía de apremio y se haga pago al ejecutante del crédito reclamado, esa declaración de la ejecutoria cerró a Graham la puerta a toda reclamación contra el banco en los bienes embargados, demostrando con la incoada su temeridad.

"*Considerando:* que si alguna duda pudo tener, la reserva de derechos a Graham contra Carazo ha debido disipársela.

"*Considerando:* que el entorpecimiento sufrido por el banco con las gestiones de Graham y el no haber recibido a su debido tiempo la suma consignada y depositada, hace procedente la reconvención.

"*Fallamos:* que debemos declarar y declaramos con lugar la reconvención por el banco formulada y sin lugar la tercería de mejor derecho por Graham promovida, y en su virtud condenamos al demandante (\*) a pagar al Banco Territorial y Agrícola el 9 por ciento de intereses sobre la suma que le corresponda cobrar de los 4,580 pesos. de la venta de las maquinarias, a partir de la fecha en que resulte en autos acreditada dicha suma y en las costas de este juicio.

"Así por esta nuestra sentencia definitivamente juzgando lo pronunciamos, mandamos y firmamos: Juan Morera Martínez, Juan Hernández López, Angel García."

*Resultando:* que contra la anterior sentencia interpuso Don Roberto Graham y Fraser recurso de casación por infracción de ley y elevados los autos a esta Corte Suprema, se sustanció el recurso como de apelación, cumpliendo con lo dispuesto en la Ley de la Asamblea Legislativa de 12 de marzo último.

*Resultando:* que evacuado el trámite de instrucción, se señaló día para la vista y en dicho acto el letrado que representa al apelante, manifestó su conformidad con la sentencia recurrida en cuanto por ella se declaró sin lugar la tercería de mejor derecho y la impugnó en cuanto por la misma se declaró con lugar la reconvención propuesta por la representación del Banco Territorial y Agrícola.

*Resultando:* que éste en dicho acto sostuvo en su informe oral los fundamentos de la referida sentencia, habiéndose entendido con los estrados del tribunal toda la actuación en cuanto a Don José Ricardo Carazo.

Abogado del apelante: *Sr. Jacinto Texidor.*

Abogado del apelado: *Sr. Juan de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del tribunal.

Aceptando los fundamentos de hecho y solamente el primero y segundo de derecho de la sentencia recurrida, y

*Considerando:* que la única cuestión que hoy debe resolver este tribunal está limitada a si debe o nó declararse con lugar la reconvención propuesta por el Banco Territorial y Agrícola y condenar, en caso afirmativo, a Don Roberto (*) Graham y Fraser, por vía de indemnización de daños y perjuicios, a satisfacer el nueve por ciento de intereses sobre la suma que corresponda al banco cobrar de los cuatro mil quinientos ochenta dollars, de la venta de las maquinarias, y a partir de la fecha en que resulte de los autos acreditada en forma dicha suma, o sea, el saldo de su crédito hipotecario con los intereses convenidos.

*Considerando:* que esa indemnización de daños y per-

juicios se hace derivar del hecho de que Don Roberto Graham y Fraser, interponiendo primero una tercería de dominio que se declaró sin lugar, y después, una de mejor derecho a los ejecutivos que se seguían contra las maquinarias, ha privado al banco de disponer de su dinero que tiene en depósito y que no ha podido evitar, por ser consecuencia legítima de la última de las tercerías de que se ha hecho mérito.

*Considerando:* que, como fundamento de la reclamación, se alegan los artículos 1101 y 1108 del antiguo Código Civil, pero estas disposiciones suponen una obligación preexistente, y en el presente caso no consta que entre Don Roberto Graham y Fraser y el Banco Territorial y Agrícola existiese alguna que hubiese sido contravenida por aquél o que en el cumplimiento de ella se hubiese incurrido, por el mismo, en dolo, negligencia o morosidad y en tal concepto falta, por consiguiente, la base generadora, en su caso, de los daños y perjuicios que hoy se reclaman.

"*Considerando:* que más atinente sería en el presente caso, la aplicación del artículo 1902 del citado Código, puesto que éste prescribe que el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado; mas habría que analizar entonces las acciones ejecutadas por Graham y determinar si en ella concurrían la negligencia o culpa de que nos habla esta ley, y vendríamos a la conclusión sentada por la Jurisprudencia del Tribunal Supremo de España, especialmente en su sentencia de 27 de junio de 1896, "de que no ejecuta (*) propiamente un daño quien se limita a pedir ante los tribunales la realización de un derecho más o menos claro, siendo la imposición de costas el único correctivo aplicable en cada caso concreto, cuando se desestiman las pretensiones injustificadas."

*Considerando:* que no se ha justificado tampoco la existencia de los daños y perjuicios, porque es indudable que la cantidad depositada por virtud de la tercería de mejor derecho interpuesta por Graham, responde del crédito hipote-

cario y de los intereses convenidos, y además, el artículo 148 de la Ley Hipotecaria prescribe que la falta de intereses que el acreedor no puede exigir por la acción real hipotecaria, podrá reclamarla del obligado, por la personal, siendo considerado respecto a ella, en caso de concurso, como acreedor escriturario; y siendo esto así, tiene también el banco expedita su acción para, en su día, cobrar los intereses que se le adeuden de Don José Ricardo Carazo, y si los cobra no habrá sufrido entonces aquella institución de créditos merma alguna por virtud del contrato de préstamo hipotecario que con éste celebró.

*Considerando:* por tanto, que es improcedente la reconvención en solicitud de los daños y perjuicios de que se ha hecho mérito.

*Considerando:* que según la Regla 63 de la Orden General número 118, las costas deben imponerse a la parte cuyas pretensiones hayan sido totalmente desestimadas, y si en los demás casos debe el tribunal resolver conforme a equidad, según la misma disposición citada, es lógico deducir. que, cuando las peticiones de ambas partes no prosperen en absoluto, como en el presente caso sucede, cada una de ellas debe satisfacer las costas causadas a su instancia.

Vistas las disposiciones legales citadas en esta sentencia, los artículos 358, 360 y 371 de la Ley de Enjuiciamiento Civil y la Ley de la Asamblea Legislativa de 12 de marzo último.(*)

*Fallamos:* que debemos declarar y declaramos no haber lugar a la tercería de mejor derecho interpuesta por Don Roberto Graham y Fraser para cobrar con preferencia su crédito. Se declara asimismo no haber lugar a la reconvención interpuesta contra éste por el Banco Territorial y Agrícola en reclamación de daños y perjuicios, sin especial condenación de costas de ambas instancias; confirmando en lo conforme, y en lo que no revocando la sentencia apelada.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.